FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 20 2008

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00759-BNB

BARBARA MARTI,
Plaintiff,

v.

ROCKY MOUNTAIN UFCW, and
EMPLOYER PENSION PLAN,
Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, Barbara Marti, filed *pro se* a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Complaint. As part of the Court's review pursuant to D.C.COLO.LCivR 8.1, the Court determined that the submitted documents were deficient. Therefore, in an order filed on April 15, 2008, Magistrate Judge Boland directed Plaintiff to file an amended Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 with pages two and three completed and to file an amended complaint that completed the blanks on the form provided to her.

On May 12, 2008, in response to the April 15, 2008, order to cure, Ms. Marti filed an amended Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 that mostly completed pages two and three but failed to list any defendants and an unsigned amended complaint that failed to list any basis for jurisdiction, any claims, or any request for relief. The Court must construe the documents liberally because Ms. Marti is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the

reasons stated below, Ms. Marti will be ordered to file a second amended motion and affidavit pursuant to § 1915 and a second amended complaint.

The Court has reviewed the amended complaint filed by Ms. Marti and finds that the amended complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Ms. Marti fails to set forth a short and plain statement of her claims showing that she is entitled to relief. Simply attaching a letter to the complaint she originally submitted is insufficient to comply with the Rule 8 requirement that she set forth and short and plain statement of her claims. Therefore, Ms. Marti will be directed to file a

second amended complaint that complies with the pleading requirements of Rule 8. Plaintiff is reminded that it is her responsibility to present her claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. Ms. Marti may not simply provide an attachment and expect the Court and the defendants to determine what specific claims she may be raising. She also must specify the basis for the Court's jurisdiction and the relief she wants.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. **See Atkins v. Northwest Airlines, Inc.**, 967 F.2d 1197, 1203 (8th Cir. 1992); **Gillibeau v. City of Richmond**, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended complaint does not meet the requirements of Fed. R. Civ. P. 8 and that Ms. Marti should be given an opportunity to file a second amended complaint. She will be directed to do so below. Accordingly, it is

ORDERED that Ms. Marti file **within thirty (30) days from the date of this order** a second amended motion and affidavit for leave to proceed pursuant to 28 U.S.C. § 1915 in which all the blank areas either are completed or Ms. Marti has written "N/A" or "not applicable" in the areas she purposely is leaving blank. It is

FURTHER ORDERED that Ms. Marti file **within thirty (30) days from the date of this order** a second amended complaint that is signed and that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the second amended motion and affidavit for leave to proceed Pursuant to 28 U.S.C. § 1915 shall be titled "Second Amended Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915," and shall be filed with the

3

Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the second amended complaint shall be titled "Second Amended Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Ms. Marti, together with a copy of this order, two copies of the following form to be used in submitting the second amended 28 U.S.C. § 1915 motion and affidavit: Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. It is

FURTHER ORDERED that the clerk of the Court mail to Ms. Marti, together with a copy of this order, two copies of the following form to be used in submitting the second amended complaint: Complaint. It is

FURTHER ORDERED that, if Ms. Marti fails within the time allowed to file a second amended 28 U.S.C. § 1915 motion and affidavit and a second amended complaint that complies with this order to the Court's satisfaction, the amended complaint and the action will be dismissed without further notice.

DATED May 20, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00759-BNB

Barbara Marti
19591 E. 39th Avenue
Denver, CO 80249

I hereby certify that I have mailed a copy of the **ORDER Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Complaint** to the above-named individuals on 5/20/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk